IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FERRUH KORAL,                    )
                                 )
         Plaintiff,              )
                                 )
     v.                          )   No. 10 C 6636
                                 )
BOEING COMPANY,                  )
                                 )
         Defendant.              )

MEMORANDUM OPINION AND ORDER

This Court has just received, via random assignment, this newly-removed action--one of 29 cases against Boeing Company ("Boeing") stemming from the crash of a Boeing 737-800 airplane, owned by Perge Aviation Ltd. and operated by Turkish Airlines, as it approached Schiphol Airport near Amsterdam, Netherlands at the end of a flight that had originated in Istanbul. Because this District Court lacks subject matter jurisdiction, the action is remanded to its place of origin in the Circuit Court of Cook County pursuant to 28 U.S.C. §1447(c).[1]

Jurisdiction is of course a threshold inquiry, as stated succinctly in <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

Among the myriad more recent cases reinforcing that obligation,

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005) has made this clear:

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

At least in the figurative sense, it appears that Boeing's counsel view federal jurisdiction as golden and state court jurisdiction as constituting some baser metal, for they seek to emulate the alchemists of the Middle Ages by transmuting the 29 lawsuits into one, as though those lawsuits were a single mass action subject to removal pursuant to Section 1332(d)(11). That doesn't work literally, for that section speaks in the singular of "any civil action...in which monetary relief claims of one hundred or more persons are proposed to be tried jointly" (Section 1332(d)(11)(B)(i)).[2]

Indeed, Boeing's counsel themselves refer, at page 8 of their Notice of Removal ("Notice"), to our Court of Appeals' June 2010 decision in Anderson v. Bayer Corp., 610 F.3d 390 (7th Cir. 2010), in which the right of plaintiffs to "avoid federal diversity jurisdiction by carving their filings into five separate pleadings" (id. at 392) was upheld as a way to avoid mass action treatment (and hence removal). What Boeing's counsel

---

[2] That singular usage continues throughout the mass action subsection, for Section 1332(d)(11)(B)(ii) goes on to speak of "the action."

2

seek to do to work the necessary transmutation in the face of that holding is to invoke Bullard v. Burlington N. Santa Fe Ry., 535 F.3d 759, 762 (7th Cir. 2008), as to which Anderson, 610 F.3d at 394 said:

> We also noted that the §1332(d)(11) extended to a situation where only a few representative plaintiffs would actually go to trial, with claim or issue preclusion to be used to dispose of the remaining claims without trial.

In an effort to bring the present cases within that approach, Notice at 2 says:

> Boeing is removing these actions to this court following Plaintiffs' proposal of an exemplar trial, followed by application of the result of such trial to the remaining 110+ Plaintiffs through issue or claim preclusion.

And Notice at 8 likewise says:

> Here, Plaintiffs have proposed that a single exemplar trial in state court will determine Boeing's overall liability.

That effort is ingenious, but it is premature at best. That is best understood by noting the distinction between Anderson's reference to "dispos[ing] of the remaining claims without trial" and the Notice's reference to Boeing's "overall liability."

In that regard there is no suggestion that plaintiffs are proposing that if the suggested exemplar trial were to be resolved adversely to Boeing as to liability, all of the other plaintiffs' claims would be disposed of without trials (indeed, plaintiffs' counsel could scarcely adopt a one-size-fits all

3

approach to the damages issues that obviously differ from plaintiff to plaintiff without violating their fiduciary responsibilities to their individual clients).[3]

It is of course possible that future developments may change the landscape and permit removal at that time. But just as was true in Anderson, this Court finds no present federal jurisdiction under CAFA, and no other predicate for subject matter jurisdiction at this time has been suggested (Boeing's principal place of business is in Illinois, so that it cannot invoke Section 1441(b) for removal purposes).

Accordingly "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)), so that the last-cited section mandates remand. This Court so orders, and the certified copy of the remand order shall be mailed forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 18, 2010

---

[3] If on the other hand Boeing were to prevail in the suggested exemplar trial, and if plaintiffs' counsel had previously agreed (or the state court had previously ordered) that defensive claim preclusion principles would avoid any trials for the other plaintiffs, that might perhaps fit the potential combination of Bullard and Anderson. But that is an iffy proposition, and it certainly does not establish "mass action" treatment at the current stage of the litigation.

4